IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00071-WYD-MJW

ESTATE OF ZACKARY MOFFITT, by and through its personal representative KELLY KRAMER;

M.M., a minor, by and through her next friend and mother, CASSANDRA HIGGINS; and

C.M., a minor, by and through her next friend and mother, CASSANDRA HIGGINS; and

   Plaintiffs,

v.

SHERIFF JOHN MINOR, in his official and individual capacities;

CAPTAIN ERIK J. BOURGERIE, in his individual capacity;

STAFF SERGEANT CHERYL GIORDANO, in her individual capacity;

DEPUTY JONATHON DIURBA, in his individual capacity;

DEPUTY NATHAN FIDLER, in his individual capacity;

DEPUTY RYAN HOSIER, in his individual capacity;

DEPUTY BRIAN HYDE, in his individual capacity;

DEPUTY KATHY LAMBERT, in her individual capacity; and

DEPUTY JEFF WILSON, in his individual capacity;

   Defendants.

_____

**DEFENDANTS JOHN MINOR AND ERIK J. BOURGERIE'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

_____

   Defendants John Minor and Erik Bourgerie respond to the Plaintiffs' First Set of

Interrogatories as follows:

### GENERAL OBJECTIONS

   Defendants object to the Definitions and Instructions set forth in Plaintiff's First

Set of Discovery to Defendants to the extent the definitions and instructions purport to

Exhibit Z

mistreatment," and it is unclear what is meant by "mistreatment." To the extent that this Interrogatory characterizes the events involving Mr. Moffitt as "mistreatment," Defendants disagree with that characterization and their response to this Interrogatory should not be interpreted as agreement with the use of that term.   Subject to and without waiving these objections, Defendants state as follows:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**RESPONSE OF ERIK BOURGERIE:** After the Jefferson County Internal Affairs investigation concluded, on September 20, 2013 Sgt. Brian Smith, then with the Summit County Sheriff's Office, initiated a follow-up internal affairs investigation regarding Deputy Jeff Wilson's actions. Sgt. Smith's investigation concluded that Deputy Wilson violated SCSO Policy and Procedures 405 III(A)3 and 405 III(A)8 by failing to obtain medical clearance prior to booking Mr. Moffitt into the detention facility and violated Policy and Procedures 405 III (B) 4 and 405 III (B) 5 by providing false or misleading statements to Sgt. Ron Hochmuth regarding Mr. Moffitt's medical clearance. Sgt. Smith recommended that Deputy Wilson be terminated from his position. On November 1, 2013, Undersheriff Derek Woodman agreed with Sgt. Smith's recommendation to terminate Deputy Wilson. Deputy Wilson resigned on December 2, 2013.

Sgt. Ron Hochmuth received a letter of reprimand because he did not require Deputy Wilson to provide documentation of Mr. Moffitt's medical clearance before he was booked into the detention facility as required by policy.

**RESPONSE OF JOHN MINOR:** I adopt Commander Bourgerie's answer as my own and have nothing additional.